UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BANK OF AMERICA, N.A**. | CIVIL ACTION |
| **VERSUS** | NO. 21-cv-559 |
| **M/V MARINE PRINCESS, her engines, tackle, appurtenances, etc.,** *in rem,* **and SUNSET SHIPPING LTD.,** *in personam* | SECTION "G" (3) |
| | JUDGE BROWN |
| | MAGISTRATE DOUGLAS |

<u>**MEMORANDUM IN SUPPORT OF**</u>
<u>**MOTION FOR INTERLOCUTORY SALE OF VESSEL**</u>

MAY IT PLEASE THE COURT:

NOW COMES plaintiff Bank of America, N.A. ("BOA"), through undersigned counsel, to submit this Memorandum in Support of its motion for an Order directing the interlocutory sale of the M/V MARINE PRINCESS (the "Vessel") pursuant to Rule E(9) of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

I.     INTRODUCTION

BOA requests that this Honorable Court issue an Order authorizing the interlocutory sale of the Vessel pursuant to Rule E(9) so that the proceeds of the sale can be deposited into the registry of the Court to await further orders of the Court. All grounds for interlocutory sale under Rule E(9) are present here – the vessel is subject to deterioration or decay as she sits idle under arrest; the costs associated with maintaining the Vessel during her arrest are unnecessarily reducing the funds that will be available to satisfy the judgment; and, there has been an unreasonable delay in obtaining the release of the property. Rule E(9) further specifically provides for the relief BOA seeks by providing the Court the authority to proceed with an

interlocutory sale in advance of issuing a final judgment. BOA respectfully submits that its motion should be granted considering the circumstances presented in this case.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On March 18, 2021, BOA filed its Verified Complaint against the Vessel, *in rem*, and Sunset Shipping, Ltd. (the "Owner"), *in personam*, alleging causes of action for breach of a preferred ship mortgage and foreclosure of a maritime lien against the Vessel.

On March 19, 2021, BOA effected the arrest of the Vessel pursuant to the order issued by this Court. The Vessel remains under arrest and neither her Owner nor any party claiming an interest in her have taken any concrete steps to obtain her release.

On April 27, 2021, BOA cancelled its commitment to advance the Loan under the Loan Agreement and accelerated the Loan.

On September 3, 2021, BOA file its First Supplemental and Amended Verified Complaint. [Dkt. 21]. As stated therein, the amount due under the Loan Agreement is at least $27,355,187.43, inclusive of accrued and default interest, and net of contractually-agreed offsets. Interest continues to accrue.

## III.   LAW AND ARGUMENT

Rule E(9) of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions sets forth the criteria for the disposition of property and interlocutory sales as follows:

> On application of a party . . . the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:
>
> (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;

>> (B) the expense of keeping the property is excessive or disproportionate; or
>>
>> (C) there is an unreasonable delay in securing release of the property.

Fed. R. Civ. P., Supp. Admiralty Rule E(9)(a)(i).

The Fifth Circuit has held that to obtain an order for an interlocutory sale, lien holders need show only the existence of one of the three criteria set forth in Rule (E)(9)(a)(i). *Merchants Nat'l Bank v. Dredge General G.L. Gillespie*, 663 F.2d 1338, 1341 (5th Cir. 1981). All three have been met in this case.

First, and perhaps most importantly, the Vessel Owner has not secured the release of the Vessel since its arrest on March 19, 2021, and has not even advised that it is attempting to secure the release of the Vessel. Given the delay of six months in securing the release of the Vessel since its arrest, and especially given the failure of the Owner to state that it will even attempt to secure the Vessel's release, criteria (C) of Supplemental Admiralty Rule E(9)(a)(i) is met.

Second, the expense of keeping the Vessel in custody is excessive and is unnecessarily eroding the amount of sale proceeds which will be available to satisfy the judgment in this case. Since the arrest of the Vessel on March 19, 2021, BOA has incurred well over $170,000 in custodial costs (consisting of substitute custodian fees of $25,200 per month, U.S. Marshal's insurance of about $700 per month and launch fees for shift changes for the guards of $2,000 - $3,000 per month). Thus, as the Vessel remains under arrest, the necessary *custodia legis* costs and fees are significant and continue to mount.

Because the Owner apparently will not secure release of the Vessel, every dollar spent to maintain custody of the Vessel is a dollar spent unnecessarily. This prejudices BOA as well as any other claimants/creditors (such as intervenor AMS Ameropa Marketing and Sales AG).

Money spent unnecessarily in maintaining custody of the Vessel is by definition excessive. Criteria (B) of Supplemental Admiralty Rule E(9)9(a)(i) therefore is met.

Additionally, the Vessel is subject to deterioration. She is idle. She is of steel construction, and therefore requires regular maintenance of her hull and machinery. She is susceptible to decay and deterioration. In *Merchants Nat'l Bank v. Dredge General G. L. Gillespie*, 488 F. Supp. 1302 (W.D.La. 1980), Judge Edwin F. Hunter, Jr. of the U.S. District Court for the Western District of Louisiana noted that vessel machinery requires maintenance, and steel vessels will deteriorate if not properly chipped and painted. Id. at 1308. See also, *Neptune Orient Lines v. Halla Merchant Marine Co.*, 1998 U.S. Dist. LEXIS 3745 (E.D.La. 1998) at *21.

Rule E (9)(a)(i)(A) refers not only to deterioration or decay, but to injury to the property under arrest. As this Court and counsel for the parties are now painfully aware, we are now in the midst of hurricane season. Any vessel, whether in port or outside the port but within the jurisdiction of this Honorable Court, is at risk. The vessel could be lost or significantly damaged in the next hurricane, and this risk cannot be ignored. This strongly militates in favor of a prompt sale of the vessel.

BOA further requests that, in connection with the sale of the Vessel, it be permitted to bid on credit up to the sum owed by Defendants on the Preferred Ship Mortgage, which now totals at least $27,355,187.43, plus interest, costs, and attorneys' fees presently estimated to total at least $1,000,000 and increasing.

**IV.   CONCLUSION**

Under the circumstances of this case, it is respectfully submitted that equity demands the interlocutory sale of the Vessel, her engines, tackle, appurtenances, furniture, rigging, etc. The Vessel's Owner has not and apparently will not secure the Vessel's release. The daily cost of

maintaining the Vessel during her arrest is diminishing the proceeds which will be available from her ultimate sale and therefore is unnecessarily reducing the funds that will be available to satisfy judgment in this case. In light of the foregoing, further delay in the sale of the Vessel is unwarranted, and an interlocutory sale is appropriate.

BOA respectfully asks this Court to issue an Order directing the sale of the M/V MARINE PRINCESS, her engines, tackle, appurtenances, furniture, rigging, etc., and that Plaintiff, BOA, be permitted to credit bid its mortgage at the sale up to the amount of the unpaid balance on its Preferred Ship Mortgage. Plaintiff further respectfully requests all other relief to which it may be justly entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   /s/ *Kevin J. LaVie*
Kevin LaVie (#14125)
Email: kevin.lavie@phelps.com
Magdalini Galitou (#38473)
Email: magdalini.galitou@phelps.com
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130
-and-
Marc G. Matthews (admission pro hac vice to be requested)
Texas Bar No. 24055921
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Facsimile: (713) 626-1388
**ATTORNEYS FOR PLAINTIFF
BANK OF AMERICA, N.A.**