UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BANK OF AMERICA, N.A.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 2:21-cv-00559** |
| **M/V MARINE PRINCESS, her engines, tackle, appurtenances, etc.,** *in rem*, **and SUNSET SHIPPING LTD.,** *in personam* | **SECTION "G" (3)** |
| | **JUDGE BROWN** |
| | **MAGISTRATE JUDGE DOUGLAS** |

### ANSWER AND DEFENSES OF BANK OF AMERICA, N.A. TO VERIFIED COMPLAINT IN INTERVENTION ( R. DOC. 28)

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Bank of America, N.A. ("BOA" or "Plaintiff") and for answer to the Verified Complaint in Intervention (R. Doc. 28) ("Intervention") of Plaintiff-Intervenor, AMS Ameropa Marketing & Sales, AG ("AMS" or "Plaintiff- Intervenor"), alleges upon information and belief as follows:

### FIRST DEFENSE

The Intervention fails to state a claim, cause or right of action upon which relief can be granted.

### SECOND DEFENSE

The claims asserted in the Intervention have prescribed or become time-barred.

### THIRD DEFENSE

The Court lacks jurisdiction over the claims asserted in the Intervention.

### FOURTH DEFENSE

NOW, answering specifically the numbered paragraphs of the Intervention, Plaintiff BOA responds as follows:

1

1.

The allegations contained in Paragraph 1 of the Intervention are denied for lack of knowledge or sufficient information to justify a reasonable belief therein.

2.

The allegations contained in Paragraph 2 of the Intervention are generally admitted.

3.

The allegations contained in Paragraph 3 of the Intervention are admitted based on information and belief.

4.

The allegations contained in Paragraph 4 of the Intervention are admitted.

5.

The allegations contained in Paragraph 5 of the Intervention are admitted.

6.

The allegations contained in Paragraph 6 of the Intervention summarize plaintiff BOA's allegations. Accordingly, it does not require a response by BOA. However, to the extent that a response is required, the allegations contained in Paragraph 6 of the Intervention are denied as written because the best evidence of BOA's allegations are contained in BOA's pleadings.

7.

The allegations contained in Paragraph 7 of the Intervention are denied as conclusions of law and/or they are denied for lack of knowledge or sufficient information to justify a reasonable belief therein.

8.

The allegations contained in Paragraph 8 of the Intervention are denied for lack of knowledge or sufficient information to justify a reasonable belief therein. Further, BOA submits

that the alleged Charter Party dated 15 March 2018 should be the best evidence of the terms and conditions of that agreement.

9.

The allegations contained in Paragraph 9 of the Intervention are denied for lack of knowledge or sufficient information to justify a reasonable belief therein. Further, BOA submits that the alleged Charter Party dated 15 March 2018 should be the best evidence of the terms and conditions of that agreement.

10.

The allegations contained in Paragraph 10 of the Intervention are admitted.

11.

The allegations contained in Paragraph 11 of the Intervention are denied for lack of knowledge or sufficient information to justify a reasonable belief therein. Further, BOA submits that the alleged Sub-Charter Party dated 11 March 2021 should be the best evidence of the terms and conditions of that agreement.

12.

The allegations contained in Paragraph 12 of the Intervention are denied for lack of knowledge or sufficient information to justify a reasonable belief therein.

13.

The allegations contained in Paragraph 13 of the Intervention are denied for lack of knowledge or sufficient information to justify a reasonable belief therein.

14.

The allegations contained in Paragraph 14 of the Intervention are denied for lack of knowledge or sufficient information to justify a reasonable belief therein.

15.

The allegations contained in Paragraph 15 of the Intervention are denied for lack of knowledge or sufficient information to justify a reasonable belief therein.

16.

The allegations contained in Paragraph 16 of the Intervention require no answer, but to the extent answer may be required BOA incorporates and reasserts its answers to Paragraphs 1-15 as if set forth fully herein.

17.

The allegations contained in Paragraph 17 of the Intervention are denied for lack of knowledge or sufficient information to justify a reasonable belief therein.

18.

The allegations contained in Paragraph 18 of the Intervention are denied for lack of knowledge or sufficient information to justify a reasonable belief therein.

19.

The allegations contained in Paragraph 19 of the Intervention are denied for lack of knowledge or sufficient information to justify a reasonable belief therein.

20.

The allegations contained in Paragraph 20 of the Intervention are denied for lack of knowledge or sufficient information to justify a reasonable belief therein.

21.

The allegations contained in Paragraph 21 of the Intervention are conclusions of law and do not require a response from BOA. However, to the extent that a response is required, the allegations contained in Paragraph 21 of the Intervention are denied for lack of knowledge or sufficient information to justify a reasonable belief therein.

22.

The allegations contained in Paragraph 22 of the Intervention are AMS's reservation of rights and do not require a response from BOA. However, to the extent that a response is required, the allegations contained in Paragraph 22 of the Intervention are denied for lack of knowledge or sufficient information to justify a reasonable belief therein.

23.

The allegations contained in Paragraph 23 of the Intervention require no answer, but to the extent answer may be required BOA incorporates and reasserts its answers to Paragraphs 1-22 as if set forth fully herein.

24.

The allegations contained in Paragraph 24 of the Intervention state conclusions of law to which no answer is required but to the extent answer may be required these allegations are denied.

25.

The allegations contained in Paragraph 25 of the Intervention state conclusions of law and do not require a response from BOA. However, to the extent that a response is required, the allegations contained in Paragraph 25 of the Intervention are denied.

26.

The allegations contained in Paragraph 26 of the Intervention state conclusions of law and do not require a response from BOA. However, to the extent that a response is required, the allegations contained in Paragraph 26 of the Intervention are denied.

27.

The allegations contained in Paragraph 27 of the Intervention do not require a response from BOA.

Plaintiff-Intervenor's prayer for relief (a-l) is denied.

## FIFTH DEFENSE

Plaintiff BOA avers that Plaintiff-Intervenor has failed to properly mitigate its damages as required by law.

## SIXTH DEFENSE

Plaintiff BOA contends that all of Plaintiff-Intervenor's claims are subject to English Law and London or other arbitration and are not properly brought in this court.

## SEVENTH DEFENSE

Any allegations not specifically admitted are hereby denied; furthermore, Plaintiff BOA specifically reserves the right to amend its answer as discovery is obtained to include other defenses, including any affirmative defenses shown applicable under Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, after due proceedings, plaintiff, Bank of America, N.A. prays that the Verified Complaint in Intervention filed by AMS Ameropa Marketing & Sales be dismissed, with prejudice, and at Plaintiff-Intervenor's costs. Plaintiff further prays for all such relief as law and justice and equity may allow.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Kevin J. LaVie*
    Kevin J. LaVie (Bar: #14125)
    Magdalini Galitou (Bar #38473)
    Canal Place | 365 Canal Street, Suite 2000
    New Orleans, Louisiana 70130
    Telephone: 504 566 1311
    Facsimile: 504 568 9130
    Email: kevin.lavie@phelps.com
    Email: magdalini.galitou@phelps.com

-and-

Marc G. Matthews (admitted *pro hac vice*)
Texas Bar No. 24055921
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Facsimile: (713) 626-1388

**ATTORNEYS FOR PLAINTIFF BANK OF AMERICA, N.A.**